LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RACHID OUGRIBE,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

-against-

SCALINATELLA, INC.,
d/b/a SCALINATELLA RISTORANTE,
ALFIO RUOCCO
and LUIGI RUSSO,

    Defendants.

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demand**

---

Plaintiff, RACHID OUGRIBE ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SCALINATELLA, INC., d/b/a SCALINATELLA RISTORANTE ("Scalinatella" or "Corporate Defendant"), ALFIO RUOCCO, and LUIGI RUSSO (each individually the "Individual Defendants" and collectively with Scalinatella, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices under New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and brings this action against Defendants to recover (1) back pay, (2) compensatory damages for emotional distress, (3) punitive damages and (4) attorneys' fees and costs.

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) illegally retained tips (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) illegally retained tips (5) statutory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to New York CPLR §301, because Defendants transacted business and committed the alleged acts in New York. Corporate Defendant SCALINATELLA, INC. is a corporation organized under the laws of New York.

5. Defendants are doing, and at all relevant times, have done business in New York County and venue is proper under New York CPLR §7502. The circumstances giving rise to this action occurred in whole or in part in the county in which this Court sits.

**PARTIES**

6.   Plaintiff, RACHID OUGRIBE, is a Moroccan, Muslim and resident of Bronx County, New York.

7.   (a)   SCALINATELLA, INC. is a domestic corporation organized under the laws of the State of New York, with a principle executive office, and an address for service of process, located at 201 EAST 61ST STREET, NEW YORK, NEW YORK 10065. Its principal place of business is also located at 201 EAST 61ST STREET, NEW YORK, NEW YORK 10065

(b)   ALFIO RUOCCO is the Chief Executive Officer of SCALINATELLA, INC. He has an address for service of process at 201 EAST 61ST STREET, NEW YORK, NEW YORK 10065. At all relevant times he has held himself out to be an owner and operator of Scalinatella Ristorante.

(c)   LUIGI RUSSO is a principal of SCALINATELLA, INC. At all relevant times he has held himself out to be an owner and operator of Scalinatella Ristorante.

8.   The Individual Defendants exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Each of the Individual Defendants exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Each also exercised the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

9.   At all relevant times, SCALINATELLA, INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.   At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including runners, bussers, waiters, barbacks and bartenders, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated their rights by (i) failing to pay proper overtime rate, and (ii) illegally retaining tips.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, including cooks, line-cooks, dishwashers, food preparers, porters runners, bussers, waiters, barbacks and bartenders employed

by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period"). The Class further includes a subclass of tipped employees including runners, bussers, waiters, barbacks and bartenders ("Tipped Subclass").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class members.

17. Plaintiff's claims are typical of those claims, that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation; (ii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law; and (iii) failing to provide wage statements per requirements of the New York Labor Law. In addition, members of the Tipped Subclass suffered from Defendants' failure to pay minimum wage by (i) unlawfully paying the lower tipped minimum wage while failing to satisfy statutory requirements to do so legally; and (ii) illegally retaining tips.

Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendant and

resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

   e) Whether Defendants satisfied all of the statutory requirements in order to take a tip credit, in particular whether they:

      i. properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

     ii. subjected the Tipped Subclass to an invalid tip-pooling scheme by which managers illegally retained tips;

    iii. took proper amount of tip credit allowance under the New York Labor Law with respect to the tipped subclass;

    iv. maintained daily records of tips earned by the Tipped Subclass; and

     v. provided notice to members of the Tipped Subclass of the amount of the tip credit allowance claimed to each member of the Tipped Subclass for each pay period.

f) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

g) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

i) Whether Defendants failed to properly compensate Plaintiff and Class members for all their hours worked. .

## STATEMENT OF FACTS

22. In or around April 2012, Plaintiff, RACHID OUGRIBE, was hired by Defendants to work as a waiter for Defendants at their "Scalinatella" restaurant, located at 201 EAST 61 ST STREET,

NEW YORK, NEW YORK 10065. Plaintiff OUGRIBE was employed by Defendants until February 13, 2017.

23. Throughout his employment with Defendants, Plaintiff was constantly subject to racially hostile work environment.

24. Plaintiff was verbally harassed by co-workers on a continuous basis. Among other hostile language Plaintiff was called "camel", "terrorist", "shemo" (the world translates as stupid from Italian) and "habibi". Even after Plaintiff advised the management of the harassment, specifically the owner Luigi Russo, Mr. Russo failed to investigate or take corrective actions.

25. Plaintiff was harassed by a manager, Diego Argudo, who was making fake Arabic sounds every time Plaintiff would be passing by him. Every time something terrorism related was announced on the news Diego Argudo and other managers would ask the Plaintiff if he and his family were participating and where are they holding hostages. They would shout out harassments like "terrorist attack", "ISIS," etc. Also, Plaintiff complained to management about these words and actions of Diego Argudo and other managers but Defendants failed to take corrective actions.

26. Due to racially and religiously hostile treatment by management Plaintiff never got a chance to be promoted.

27. From April 2012 until March 2015, Plaintiff OUGRIBE had a regular weekly work schedule of 4:00 PM until 1:00 AM for six days per week. That equals to 54 hours per week. From April 2015 until February 2017, Plaintiff had a regular weekly work schedule of 6:00 PM until 1 AM for six days per week, in total 42 hours per week.

28. From April 2012 until December 2015, he was paid a base hourly rate of $5.65 per hour. From January 2016 until February 13, 2017 he was paid hourly rate of $7.50 per hour. At all times, Plaintiff OUGRIBE was a tipped employee.

29. Defendant and other Class members were always paid straight time and never compensated for the over time worked at the proper rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek according to the NYLL.

30. Defendants paid Plaintiff at a base hourly rate below the tip credit minimum wage for food service workers, even assuming a valid tip credit allowance. Other FLSA Collective Plaintiffs and Tipped Subclass members were similarly compensated.

31. Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members never received any type of notice, written or otherwise, that Defendants were taking a tip credit.

32. At all times, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members have not received accurate wage statement.

33. At all times during his employment at Scalinatella, tipped employees took part in an invalid "tip pooling" scheme. The "tip pooling" scheme at Scalinatella, was set by the individual Defendants who allowed managers who did not provide service to customers to share in the tip pool. The tip pool was never agreed upon by the staff and was unilaterally established and operated by management. Manager Diego Argudo, was taking the same share of tips as Tipped Subclass members despite the fact that he was leaving earlier than any of the Tipped Subclass members, and never provided additional services to customers.

34. Plaintiff and Class members did not receive any notice that Defendants were taking a tip credit. In addition, they did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

35. Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

36. Due to actions described above, Defendants were not entitled to pay Plaintiff and Tipped Subclass members the tipped minimum wage. Defendants thus unlawfully failed to pay the Plaintiff, and Tipped Subclass members New York State minimum wage for all hours worked.

37. For the hours that Defendants paid Plaintiffs, Defendants paid Plaintiff, the FLSA Collective Plaintiffs and the Class members, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iv) implemented an improper tip pool where manager who did not service customers shared in the tip pool.

38. Defendants failed to properly notify Plaintiff and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law. Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296

40. Plaintiff realleges and reavers Paragraph 1 through 39 of this class action Complaint as if fully set forth herein.

41. Defendants violated Plaintiff's statutory protected rights under New York State Human Rights Law, New York Executive Law § 296, by subjecting Plaintiff to a racially and religiously hostile work environment.

42. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296

43. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

44. Due to Defendants' violation under the New York Executive Law § 296, based on discrimination on the basis of race and religion, Plaintiff is entitled to recover from Defendants compensatory damages.

### COUNT II

### VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107

45. Plaintiff realleges and reaveres Paragraph 1 through 44 of this Complaint as if fully set forth herein.

46. Defendants violated Plaintiff's statutory protected rights under the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff to racially and religiously hostile work environment.

47. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff and the Class's protected rights under the New York City Administrative Code § 8-107.

48. As a results of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

49. Due to Defendants' violation under the New York City Administrative Code § 8-107, based on discrimination on the basis of sex and race, Plaintiff is entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; (3) attorneys' and expert fees and costs.

## COUNT III

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

50. Plaintiff realleges and reavers Paragraphs 1 through 49, of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

52. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

53. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

54. At all relevant times, the Defendants had a policy and practice of refusing to pay the Plaintiff and FLSA Tipped Plaintiffs at the proper rate for their hours worked overtime. This violation was willful in that Defendants knew or should have known that Plaintiff and FLSA

Tipped Plaintiffs should be properly compensated for their hours worked in excess of 40 hours per week.

55. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants, Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, illegally retained tips, plus an equal amount as liquidated damages.

59. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT IV

## VIOLATION OF THE NEW YORK LABOR LAW

60. Plaintiff realleges and reavers Paragraphs 1 through 59 of this class and collective action Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

62. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

63. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

64. Defendants willfully violated Plaintiff' and Tipped Subclass members' rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

65. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

66. Defendants failed to provide proper wage statements with every payment of wages to Plaintiff and Class members per requirements of the New York Labor Law.

67. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, tip disgorgement, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

a. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

b. An award of compensatory damages for Plaintiffs' emotional suffering as a result of Defendants' unlawful discriminatory practices pursuant to NYSHRL and NYCHRL;

c. An award of punitive damages for Defendants' unlawful discriminatory practicies, pursuant to NYCHRL;

d. An award of unpaid overtime compensation due under the FLSA and theNew York Labor Law;

    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

g. An award representing disgorgement of tips illegally retained by Defendants;

h. An award of prejudgment and postjudgment intrest, costs and expenses of this action together with reasonable attorney's ad expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of Class; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 2, 2017

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                              *and the Class*

By:       */s/ C.K. Lee*
              C.K. Lee (CL 4086)