# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

December 5, 2017

**VIA ECF**
The Honorable Laura Taylor Swain, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                 Re:   *Ougribe v. Scalinatella, Inc., et al.*
                       Case No. 17-cv-3261

Dear Judge Swain:

      We are counsel to Plaintiff. We write, jointly with counsel to Defendants to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety with prejudice.

      Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement"), including an executed Stipulation of Dismissal.

     **I.   Legal Standard**

      As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

      This agreement should be approved: (i) The Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored; and (iii) attorneys' fees are 1/3 of the settlement amount. The $30,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation, and should be approved.

     **II.  Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable**

      The terms of the Settlement Agreement require Defendants to pay $30,000 ($20,000.00 of which represents the settlement amount to be allocated to the Plaintiff, Rachid Ouagibe) in return for the release of his FLSA claims.  Based on Plaintiffs' calculations, he is owed $28,258.50 in backwages and is receiving a 70.8% recovery. Attached hereto as **Exhibit B** are

damage calculations for Plaintiff's unpaid compensation under the FLSA. Plaintiff considers this to be an excellent recovery. Before the allocation of attorneys' fees, Defendants are paying the entire amount owed to Plaintiff under the FLSA. Even after the deduction of attorney's fees, Plaintiff Ouagibe is receiving a significant percentage recovery of 70.8%. Moreover, Plaintiff's damage calculations assume that all of the facts alleged by Plaintiff are entirely correct, and would be reduced if Plaintiff were to be unsuccessful in any claim at trial.

There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Defendants contend that Plaintiff is owed significantly less, if anything at all. Defendants have produced time records, including time cards, that show that Plaintiff worked less hours than he alleged. Additionally, the records indicate that Plaintiff was paid the appropriate minimum wage and overtime rates, minus a tip credit, although Plaintiff continues to allege that he was paid a straight-time rate. Defendants further contend that the requirements for properly deducting a tip credit allowance were satisfied. If Defendants were to succeed in defeating any of Plaintiff's claims, such as demonstrating that Plaintiff worked less hours, the damages owed would be significantly reduced and Plaintiff would run the risk of receiving a smaller amount than is being allocated to him in the settlement. Plaintiff wishes to avoid the risk in establishing liability and damages. Plaintiff believes the amount of $30,000 is a fair result, obtaining a significant portion of back wages owed to him, even after the deduction of attorneys' fees.

Furthermore, Defendants may have a strong argument regarding good faith which if successful would prohibit Plaintiff from any liquidated damages. Based on the litigation and risks discussed above, the settlement is fair and reasonable. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

Finally, the proposed settlement is fair and reasonable because the settlement was negotiated vigorously by competent counsel, following open sharing of facts, information and documents.

### III. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $30,000 settlement amount, $10,000 is allocated to attorneys' fees and costs, which equals 1/3 of the settlement amount and is routinely approved as attorney's fees in such FLSA matters. The legal fees, which actually equal less than 1/3 of the settlement amount after the deduction of costs ($400 filing fee and $96 for service of the complaint), is reasonable and should be approved. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees and costs of $10,000 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing discovery requests, filing a motion for conditional collective certification, opposing a motion to dismiss,

opposing a motion for sanctions, amending the complaint, preparing for and attending an initial pretrial conference, engaging in discovery, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and so order the Stipulation of Dismissal. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.