UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RACHID OUGRIBE,

                Plaintiff,

  -v-                                            No. 17 CV 3261-LTS-BCM

SCALINATELLA, INC. et al.,

                Defendants.
-------------------------------------------------------------X

MEMORANDUM ORDER

The Court has received and reviewed the joint request of Plaintiff Ougribe and the Defendants for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket Entry No. 54.) "[B]efore a district court enters judgment on an FLSA settlement agreement, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted). "Generally, there is a strong

presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees. See generally id.

The Court has carefully considered the parties' joint submission, which includes the parties' December 5, 2017 letter, proposed settlement agreement, proposed stipulation of dismissal, and proposed damages calculation.  (See Docket Entry No. 54.)  In light of the factors articulated above, as well as the Court's review of the record in this case, the parties' representations as set forth in the December 5, 2017 letter, the proposed settlement agreement, the proposed stipulation of dismissal, and Plaintiff's damages calculation, the Court finds that the proposed settlement agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of Cheeks.

SO ORDERED.

Dated: New York, New York
       December 6, 2017

     /s/  Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge